---

### LIVERIGHT v. STERNBERGER et al.

(Supreme Court, Appellate Division, First Department. March 5, 1909.)

1. CONVERSION (§ 19*)—TIME—INTENT.

If real estate is to be converted into personalty, it will generally be deemed to be so converted at testator's death, unless testator's intention appears to have been that such conversion should take place on the happening of a designated event or at some future time.

[Ed. Note.—For other cases, see Conversion, Cent. Dig. §§ 45–51; Dec. Dig. § 19.*]

2. CONVERSION (§ 19*)—TIME—WILL—CONSTRUCTION.

Testator authorized his executors to sell his real estate in their discretion, except that they were prohibited from selling his city and country home without the consent of the widow until after her death, when final distribution was to be made. The estate was directed to be augmented by adding thereto the amount of advancements made to testator's children, and, after adding such advancements, to make an equal distribution. *Held*, that the conversion of testator's realty into personalty was postponed until the death of the widow.

[Ed. Note.—For other cases, see Conversion, Cent. Dig. §§ 45–51, Dec. Dig. § 19.*]

Submission of controversy under Code Civ. Proc. §§ 1279–1281, between Louis Liveright, individually and as administrator of the estate of Minnie H. Liveright, deceased, and Edwin Sternberger and another, as executors of the will of Simon Sternberger, deceased, and others. Judgment for plaintiff.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Daniel P. Hays, for plaintiff.
Clifford Seasongood, for defendants.

HOUGHTON, J. In 1895 Simon Sternberger died, leaving a widow and eight children. His estate consisted principally of various parcels of real property. The specific and money legacies given by his will, together with the ordinary expenses of administration, exhausted the personalty. His town residence in the city of New York and his country residence at Long Branch he gave to his executors in trust, to lease the same and pay the rents to his wife during her life, with the privilege, however, on her part, of occupying them if she should so choose, and prohibiting their sale except upon her consent, evidenced by her joining in deeds of conveyance. If either or both should be sold,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the proceeds were to be invested and the income paid to her. All the rest, residue and remainder of his estate he gave to his executors in trust, "to lease the real estate, to invest and keep invested the personal estate and the proceeds of any sale of real estate, to collect and receive the rents, interest, and income of the real and personal estate," and to pay to his wife from such rents, interest, and income a yearly annuity of $6,000, and the balance to his children in certain proportions. By the thirteenth clause of his will, upon the death of his wife he gave, devised, and bequeathed all of the property held in trust to his children and their issue, share and share alike. The will further provided, however, that, because of certain advancements made by the testator to various of his children during his lifetime, such advancements should be added to his estate, and upon division the advancement made to any child should be deducted from his share. The precise language of the will respecting the ultimate division is as follows:

"Having heretofore advanced to my children hereinafter named various sums, which sums respectively amount to the sums mentioned after each of their names, viz. [name of child and sum advanced], which statement of advancement is to be taken and deemed conclusive, and desiring that the said sums should be deemed and taken as advancement to the said children respectively, it is my will and I do hereby direct that for the purpose of making a just distribution of the property devised and bequeathed by me in and by the thirteenth clause of this my will unto my children (or their issue aforesaid) and for no other purpose, the said sums, without interest, shall be reckoned as part of the property devised and bequeathed by the said thirteenth clause hereof, and I direct that from the respective shares of principal devised and bequeathed to each by the thirteenth clause of this my will to which my said sons [enumerating them] or their said issue will be entitled, there shall be charged and deducted, without interest, the said amounts as aforesaid advanced or paid to my said sons and daughter, respectively."

Then follow directions as to disposition of the surplus income left over after the annuity to the wife, concerning which the advancements should be taken into consideration. Three executors were named, and the testator authorized and empowered them, or the survivors, whether acting as executors or trustees, at any time in their discretion to sell all or any part of his real estate at public or private sale, free and clear of any charge thereon under his will. After the death of the testator his son Clarence S. Sternberger died, leaving a last will and testament by which he devised and bequeathed one-third of his interest in his father's estate to his sister Minnie H., who afterwards married the plaintiff, Louis Liveright, and became a resident of the state of Pennsylvania, and died intestate and without child or descendant, leaving her surviving her husband, this plaintiff, and her mother and brothers and sisters, defendants herein. Between the death of the testator and the death of the daughter Minnie the executors had sold two parcels of real property and realized therefrom in the aggregate $68,-750.

By the laws of the state of Pennsylvania, when a married woman possessed of personal property shall die intestate without children or descendants, the husband is entitled to such personal estate absolutely. The plaintiff, as such surviving husband and as administrator of his deceased wife, claims that all of the real property of which Simon

Sternberger died seised was on such testator's death from necessity, because of the provisions of the will, converted into personalty, and that therefore the full share of his wife in her father's estate was personal property, which passed to him upon her dying intestate and without children or descendants. The defendants insist that under the provisions of the will the real property was not from necessity converted into personalty at once on the testator's death, but was converted into personalty so far only and at such times only as the executors and trustees should exercise their discretion to sell any part of it. They concede that the proceeds of real property which had been sold before the death of the daughter Minnie amounting to $68,750, became personalty, and that her share thereof belongs to the plaintiff; but they maintain that all unsold parcels retained their character of realty, and that therefore plaintiff as surviving husband has no interest in them or in the proceeds realized from any future sale.

There are no direct words in the will converting the real property into personalty, nor any absolute direction to the trustees to sell and divide the proceeds. Whatever conversion there may be arises from necessity, because of the complicated provisions respecting a final distribution of the estate upon the death of the widow. There is an absolute prohibition against selling the two parcels directed to be held for the benefit of the widow, except upon her consent. If the real property be deemed to be converted into personalty before actual sale, or before the death of the widow, these two parcels must be excluded from the operation of such conversion, and only the remaining parcels be deemed to have been converted. The general rule is that, if real estate be converted into personalty at all, it shall be deemed to be so converted at the death of the testator. If, however, it be the intention of the testator, such conversion may take place upon the happening of a designated event or at some future time. Underwood v. Curtis, 127 N. Y. 523, 28 N. E. 585; Matter of Hammond, 74 App. Div. 547, 77 N. Y. Supp. 783.

The testator gave no imperative direction to his executors to sell the real estate, but only authorized them to do so in their discretion. The sale of two important parcels was expressly forbidden to be made without the consent of the widow. The testator apparently saw no necessity for a sale until his widow should die. It might be desirable during the widow's lifetime to sell certain parcels, or all of them, and if his executors thought it wise they were given the privilege of so doing. On the death of the widow final distribution was to be made. His estate was directed to be augmented by adding thereto the amount of advancements made to his children as he by his will stated them to be. Having added these advancements, equal division was to be made; the child to whom nothing had been advanced to get a full share, and the one to whom advancement had been made a like amount less such advancement.

Gathering the intention of the testator as best we may, we are of the opinion that it was not his intent that his real property should be converted into personalty immediately upon his death, but rather that it should be postponed until the death of the widow, unless the execu-

tors should sooner sell the same under the power which he gave them. It is not absolutely necessary to sell for the purpose of distribution until the death of the widow, and therefore conversion from necessity to carry out the provisions of the will does not arise until that time.

These conclusions lead to a direction of judgment in favor of plaintiff only for the share of Minnie H., his deceased wife, in the $68,750, the proceeds from sale of real property sold before her death, and to a holding that plaintiff is not entitled to any interest in the remaining parcels of real property; and judgment is directed accordingly, without costs. All concur.

<hr/>

FERDON v. NEW YORK, O. & W. RY. CO.

(Supreme Court, Appellate Division, Third Department. March 10, 1909.)

1. RAILROADS (§ 113*) — CONSTRUCTION OF ROADBED — LIABILITY FOR NEGLIGENCE.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 353; Dec. Dig. § 113.*]

2. WATERS AND WATER COURSES (§ 78*)—CONSTRUCTION OF RAILROAD—WIDENING OF ROADBED—DIVERSION OF WATER—REASONABLENESS OF PLAN.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. § 69; Dec. Dig. § 78.*]

3. EVIDENCE (§ 529*) — OPINION EVIDENCE — SUBJECTS OF EXPERT EVIDENCE — RESULT OF ENCROACHMENT ON STREAM.

<hr/>

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes